AYRES, Judge.
This is an action in tort wherein plaintiff seeks to recover of the defendants, Dr. R. E. Arline and his surety, damages sustained in an automobile collision of February 7, 1964, at the intersection of State Highway 17 and a local farm road at Chickasaw, in West Carroll Parish, and is now before this court through plaintiff’s appeal from a judgment rejecting his demands.
Presented for determination are issues purely factual in character prerequisite to a discussion of which a statement of facts pertinent to the occurrence of the accident is deemed appropriate. State Highway 17, in the vicinity of the accident, of an asphalt surface, approximately 21 feet in width, straight and level for approximately a mile in either direction, runs in a general north and south course. A rural farm road intersects the highway from the west. No unusual atmospheric conditions were noted. The weather was clear.
Directly involved in the accident herein concerned were plaintiff’s 1962 model Ford and defendant Arline’s 1963 model Oldsmobile, and, indirectly, a 1962 model Chevrolet pickup truck, operated at the time by one Wanda Lou Grubbs. Immediately prior to the occurrence of the accident in which plaintiff was involved, the Arline automobile, operated at the time by Dr. Fran Hilton Robinson, III, Arline’s companion, while proceeding north on Highway 17, about 11:55 p. m., February 7, 1964, collided with the Grubbs truck as the latter attempted a left turn into the farm road. The record discloses that the truck was without rear lights and that Miss Grubbs’ left turn was attempted without any signal or warning. The accident occurred as the Oldsmobile was endeavoring to negotiate a passing movement. The Oldsmobile struck the rear of the truck. The truck proceeded into the side road where it stopped. The Oldsmobile, severely damaged, came to rest in the southbound traffic lane of the highway with the front end of the car near the center of the highway deviated slightly easterly from a direct north course. The Oldsmobile remained in this position for approximately 20-25 minutes. However, the right headlight and the dome light inside the car, as well as the rear lights, remained alight.
In the meantime, notice of the accident was given to a nearby resident who caused a member of the state police to be notified. While Arline, Robinson, and Miss Grubbs were awaiting the arrival of the state trooper, plaintiff’s car was seen approaching from the north. Dr. Robinson proceeded northward along the highway on foot with a flashlight, waving to and flagging plaintiff to stop. Dr. Arline likewise proceeded down the highway, but stationed *348 himself between Robinson and the Oidsmo-bile. He also attempted to flag plaintiff and warn him of the danger by waving a white handkerchief. Plaintiff, nevertheless, proceeded without reducing his speed until, according to his testimony, he was within approximately 60 feet of the disabled car, which he then saw for the first time in his lane of travel. On plaintiff’s application of the brakes to his car the Ford skidded 35 feet to the point of impact with the Oldsmobile. The latter was knocked a distance of approximately 50 feet down the highway and into the west roadside ditch; the former continued approximately 50 feet farther, also coming to rest in the same ditch.
Arline and Robinson, apparently in the nick of time, ran from the highway to save themselves from the onrushing car. Plaintiff estimated his speed at 60 m.p.h. However, his speedometer had, in the course of the accident, become jammed and was rendered inoperative. In that condition, the speedometer indicated a speed of 65 m.p.h.
Plaintiff contends, first, that Robinson, driver of defendant’s car, was negligent in attempting to pass the Grubbs truck at the road intersection, and that, thereby, there was set up a chain of circumstances leading to and resulting in the occurrence of the second accident. No proof other than the fact of the occurrence of the accident itself and the physical facts was offered to support this position. Arline and Robinson, nonresidents of the State, were not shown to have been familiar with the highway in the vicinity of the accident or to have known of the side-road intersection. Nor does the record reveal there were signs posted on the highway disclosing the existence of such intersection.
From the testimony of Arline and Robinson, it could only be concluded that Robinson was not at fault in striking the Grubbs truck. According to their testimony, the truck had no rear lights and the driver gave no signal indicative of an intention to make a left turn. Miss Grubbs was not called as a witness.
Negligence, lastly charged, relates to the fact that the Oldsmobile was stopped in plaintiff’s southbound traffic lane of the highway. In this regard, we may again observe there is no basis for a contention that the car was without lights. Nor has plaintiff established by a preponderance of the evidence that it was possible to remove the automobile from the highway. Arline and Robinson testified that it could not have been moved under its own power. The nature and extent of the damage inflicted upon the car tend to support their testimony. .While this testimony was susceptible to possible rebuttal, no contradictory evidence was introduced.
Under circumstances such as disclosed here, the provisions of the Highway Regulatory Act, LSA-R.S. 32:141, concerning the stopping, parking, or standing of a vehicle upon the paved or main-traveled part of a highway outside of a business or residential district, when it is practicable to stop, park, or leave such vehicle off such portion of the highway, have no application. Where a vehicle is so disabled that it is impossible to move it off the highway, the driver is required to so remove it as soon as possible. Until it is so removed, it is his responsibility to protect traffic. This, we conclude, Arline and Robinson did. Both made every reasonable effort to warn plaintiff of the danger and to prevent the accident. The conclusion is therefore inescapable that plaintiff has failed to establish negligence on the part of either of them.
Defendants, however, contend that plaintiff was guilty of negligence constituting the proximate cause of the accident. The evidence, in our opinion, supports such a conclusion. Unquestionably, plaintiff was driving at a high rate of speed. The situs of the collision was on a level, straight highway, with unimpaired visibility for a distance of at least %oths of a mile. The *349 right headlight and the interior dome light of the automobile were, as heretofore observed, burning. In this regard, it may be appropriate to observe there was a mercury vapor light located near the point of collision which gave additional illumination to the highway. Plaintiff, for some reason, either did not see or heed the warnings given by Arline and Robinson. Obviously, plaintiff was not keeping a proper lookout or he was reckless and heedless in his disregard of the warnings. The accident, in our opinion, was caused solely by plaintiff’s negligence.
The record completely fails to establish any acts of negligence or even lack of reasonable precaution on the part of either Arline or Robinson. Certainly the record fails to disclose any ground for a reversal because of error in the judgment appealed.
Accordingly, the judgment appealed is affirmed at plaintiff-appellant’s cost
Affirmed.